UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20358-CR-SEITZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANGEL PONCE,                     **REPORT AND RECOMMENDATION**

      Defendant.
_____/

On or about February 19, 2010, court-appointed defense counsel Luis Guerra ("Counsel") submitted a voucher application numbered FLS 09 3511 with appended time sheets requesting $11,729.10 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA").

Per my request, Counsel also submitted a letter of explanation dated May 13, 2010 ("Letter of Explanation") providing additional information concerning the nature of Counsel's representation of Defendant Angel Ponce ("Defendant") in this case. Counsel represented Defendant for more than eleven (11) months from his appointment on April 13, 2009 until March 31, 2010.

Counsel seeks $11,729.10, an amount which exceeds the $8,600.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, Court approval is required. Consequently, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 98]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a)*; see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration
## of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the factual nature of this case made this case more complex than the usual case. Defendant was originally charged by criminal complaint on April 13, 2009. Defendant was later indicted, along with two codefendants, on April 24, 2009.

The Indictment contained four (4) counts: Count I - conspiracy to commit kidnapping in violation of 18 U.S.C. § 1203(a) & (b)(2); Count II - kidnapping in violation of 18 U.S.C. § 1203(a), (b)(2) & 2; Count III - conspiracy to commit kidnapping by use of a facility and instrumentality of interstate commerce in violation of 18 U.S.C. § 1201(a)(1) and Count IV - kidnapping by use of a facility and instrumentality of interstate commerce in violation of 18 U.S.C. § 1201(a)(1), (c) & 2. One of Defendant's codefendants was the mother of the victim.

The discovery in this case was "extensive." (Letter of Explanation at 1). Counsel explained that the government's production in response to the standing discovery order was voluminous. Additionally, there was an issue regarding Defendant's mental state and Defendant underwent a "psychological evaluation" while in custody. (Letter of Explanation at 1). This required Counsel to incur additional time addressing this issue.

Second, despite the fact that Defendant was represented by Counsel, he filed numerous pleadings *pro se* **[See DE # 80 & 96]**. Defendant filed two motions requesting that the Court replace Counsel **[See DE # 80 & 96]**. In fact, Defendant sought to replace

-3-

Counsel even *after* the Court entered its judgment in this case **[See DE # 96]**. Counsel was forced to incur time responding to Defendant's *pro se* filings and to attend hearings set by the Court to address the issues between Defendant and Counsel **[See DE # 82, 83 & 100]**. This greatly added to the amount of time and fees incurred by Counsel in this case.

Third, Counsel spent an inordinate amount of time counseling Defendant's family. As Counsel explained in his Letter of Explanation, Defendant's "family was very, if not overly, involved in his case." (Letter of Explanation at 1). Counsel explained that he had a "series of conferences" with Defendant's family and that Defendant's "father . . . was also very involved in the case." (Letter of Explanation at 1). Counsel's time sheets are replete with entries for time Counsel spent discussing the case with Defendant's family.

At my request, Counsel provided specific information concerning the conferences with Defendant's family so that I could ascertain the nature and purpose of these conferences. In total, Counsel sought payment for 18.6 hours of meetings and telephone conferences with Defendant's family and 2.6 hours spent reviewing and responding to emails and text messages from Defendant's family. It is clear that the excessive involvement of Defendant's family in Counsel's handling of the case vastly increased the amount of time Counsel spent on the case.

Fourth, there was extensive motion practice in this case. Counsel filed a Motion for Psychiatric Evaluation **[DE # 51]** and a Renewed Motion for Psychiatric Evaluation **[DE # 53]**, which was granted by the Court. Following the trial, Counsel also filed an Objection to the Pre-Sentence Investigation Report **[DE # 85]** and a Motion to Continue Sentencing **[DE # 62]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the amount of time Counsel spent discussing the case with Defendant's family and the facts that Defendant attempted to replace counsel on numerous occasions and regularly filed his own motions with the Court. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I will now review the voucher to determine the appropriate amount for which Counsel should be compensated.

### Voucher Amount - Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed a total of 9.3 in-court hours using the hourly rate of $110.00/hour for a total of $1,087.50. After verifying the in-court hours, the CJA administrator made no changes to the number of in-court hours claimed by Counsel.

The CJA administrator also reviewed the $10,354.00 Counsel billed for 92.6 out-of-court hours. Counsel sought compensation for 141.7 hours for "Interviews and conferences" and 19.4 hours for "Obtaining and reviewing records". Counsel also sought compensation for 14.5 hours for "Legal research and brief writing", 17.0 hours of "Travel time" and 2.6 hours for "Investigative and Other work." Counsel listed no time under the category "Investigative and Other work." Counsel further sought $288.80 in "Travel Expenses" and $7.80 in "Other Expenses."

The CJA administrator made one change to the out-of-court hours listed in the voucher. The CJA administrator increased the total number of hours spent on "Legal

-5-

research and brief writing" to 15.5 hours. The CJA administrator also decreased the amount of expenses sought by Counsel in the category "other Expenses" to $178.80. Factoring in the CJA administrator's adjustments, the total amount for out-of-court hours originally sought by Counsel in the voucher remained unchanged.

## In-Court Hours[1]

Counsel seeks $1,078.50 for 25.6 in-court hours at a rate of $110.00 per hour and 3.7 in-court hours at a rate of $125.00 per hour. The CJA Administrator made no correction to these calculations. I approve this amount as reasonable.

## Out-of-Court Hours

In the voucher, Counsel seeks $10,354.00 for 92.6 out-of-court hours. The CJA administrator corrected these figures, noting that Counsel actually documented 93.6 out-of-court hours. The CJA administrator allocated the 93.6 hours as follows: 82.4 hours at $110.00 per hour and 11.2 hours at $125.00 per hour. The allocations made by the CJA administrator are appropriate.

Although the majority of Counsel's time entries are appropriate, Counsel spent an inordinate amount of time counseling Defendant's family. In total, Counsel spent 18.6 hours in conferences with Defendant's family and 2.6 hours reviewing emails and text messages from Defendant's family. The troubling entries are:

| 4/21/09 | Conference with Client's family | 1.2 |
| 4/30/09 | Telephone conference with client's family | .20 |

[1]

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

| 5/4/09 | Conference with Client's family | 3.2 |
|---|---|---|
| 5/4/09 | Telephone conference with client's family | .20 |
| 5/12/09 | Conference with Client's family | 2.0 |
| 5/18/09 | Telephone conference with client's family | .20 |
| 5/28/09 | Telephone conference with client's family | .20 |
| 6/1/09 | Conference with Client's family | 2.4 |
| 6/10/09 | Telephone conference with client's family | .20 |
| 6/15/09 | Telephone conference with client's family | .40 |
| 6/16/09 | Telephone conference with client's family | .20 |
| 6/26/09 | Telephone conference with client's family | .30 |
| 6/30/09 | Telephone conference with client's family | .30 |
| 7/15/09 | Office meeting with Client's family | 3.2 |
| 11/25/09 | Telephone conference with client's family | .30 |
| 12/1/09 | Conference with Client's familo [sic] | .80 |
| 12/11/09 | Office meeting with Client's family | 1.8 |
| 12/14/09 | Telephone conference with client's family | .20 |
| 12/16/09 | Telephone conference with client's family | .20 |
| 1/14/10 | Office conference with Client's family | 1.4 |

| 8/28/09 | Receive and review email from Client's family | .1 |
|---|---|---|
| 9/28/09 | Receive and review email from Client's family | .1 |
| 10/14/09 | Receive and review email from Client's family | .1 |

-7-

| 10/28/09 | Receive and review email from Client's family | .1 |
| 10/29/09 | Receive and review email from Client's family | .1 |
| 11/10/09 | Receive and review email from Client's family | .1 |
| 11/16/09 | Receive and review doc.s [sic] from Client's family | .1 |
| 11/17/09 | Receive and review email from Client's family | .1 |
| 11/25/09 | Receive and review email from Client's family | .1 |
| 11/30/09 | Receive and review email from Client's family | .1 |
| 12/1/09 | Receive and review email from Client's family | .1 |
| 12/10/09 | Receive and review email from Client's family | .1 |
| 12/14/09 | Receive and review email from Client's family | .1 |
| 12/15/09 | Receive and review email from Client's family | .1 |
| 12/16/09 | Receive and review email from Client's family | .1 |
| 12/22/09 | Receive and review email from Client's family | .1 |
| 12/29/09 | Receive and review email from Client's family | .1 |
| 1/5/10 | Receive and review email from Client's family | .1 |
| 1/5/10 | Receive and review fax from Client's family | .3 |
| 1/7/10 | Receive and review email from Client's family | .1 |
| 1/9/10 | Receive and review email from Client's family | .1 |
| 1/11/10 | Receive and review email from Client's family | .1 |
| 1/12/10 | Receive and review email from Client's family | .1 |
| 1/18/10 | Receive and review email from Client's family | .1 |
| 1/20/10 | Receive and review email from Client's family | .1 |

1/21/10     Receive and review email from Client's family          .1

The "Supplemental Instructions for Completing CJA20 Vouchers" form provided by the Court reinforces the Guidelines and makes clear that time spent counseling family is not compensable under the CJA. The Supplemental Instructions provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." As personal time is generally not compensable, I required additional information from Counsel to explain the nature and purposes of his conferences and communications with Defendant's family.

In his Letter of Explanation, Counsel does not provide specific details regarding the purpose of each of the troubling entries. Instead, Counsel generally describes the conferences and communications with Defendant's family on a month by month basis. Counsel failed to provide any explanation, however, for the conferences with Defendant's family during the months: April (1.40 hours in conferences), in August (0.1 hours reviewing email communications) and October (0.3 hours reviewing of email communications). As no explanation was given for these entries, I conclude that this time is not compensable. I, therefore, recommend that the total amount for out-of-court hours be reduced by 1.80 hours and $198.00.

Counsel did attempt to provide an explanation for communications in May, June, July, September, November, December and January. Some of Counsel's descriptions reveal that the purpose of the conferences and communications with Defendant's family were not

-9-

directly related to the defense of the case. For example, Counsel wrote that he had conferences and communications with Defendant's family in May 2009 because Defendant's wife and father "insisted on reviewing every article of discovery. This time is not compensable under the CJA because it was unrelated to the litigation of the case. Time spent "holding the hand" of Defendant's family is not compensable under the CJA. Accordingly, Counsel should not be compensated for the 2.4 hours Counsel spent in conferences with Defendant's family in May 2009. This mandates a reduction of $264.00.

Counsel attempted to explain that he had conferences in June 2009 (3.8 hours, totaling $418.00) with Defendant's family to explain how "government cooperation agreements work." Similarly, the purpose of Counsel's conferences (3.2 hours, totaling $352.00) in July 2009 was to discuss the plea agreement, plea process and the sentencing guidelines with Defendant's family members. These entries are not compensable because it is time spent by Counsel guiding Defendant's family through the litigation process rather than time which contributed to Defendant's defense. Although commendable, such time is not compensable under the CJA.

I find, however, that the remaining charges listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $9,232.00 for his out-of-court hours, a reduction of $1,232.00.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full

-10-

compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $9,232.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## Expenses

Counsel sought $288.80 in "Travel Expenses" and $7.80 in "Other Expenses." The CJA administrator reduced the amount of "Travel Expenses" to $178.80. I approve the CJA administrator's correction and approve the amount of $178.80. The CJA administrator made no changes to the amount of "Other Expenses" sought. I approve the "Other Expenses" sought by Counsel as reasonable.

## CONCLUSION

I commend Mr. Guerra for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d

767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Mr. Guerra be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Mr. Guerra full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I find that it is appropriate that reimbursement be allowed in excess of the statutory maximum of $8,600.00 in this case. Based upon my review of the time sheets, the Letter of Explanation submitted by Counsel and the docket and filings in this case, I RECOMMEND that Counsel be paid $10,497.10 as fair and final compensation for his work in these cases.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 2 day of June, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
    Luis I. Guerra, Esq.
    Lucy Lara, CJA administrator